IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DUANE MICHAEL SCHROCK,** *et al.*, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>**STATE OF OREGON,** *et al.*, <br><br>　　　　　Defendants. | Case No. 2:18-cv-01264-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

This case arises from a dispute over the right to use irrigation water from a well on land in Harney County, Oregon. The land (hereinafter "the Property") is part of Harney County Tax Lot 1500, specifically the Northwest quarter of Section 30 of Township 23 South and Range 34 East, Willamette Meridian. Plaintiffs claim a right to irrigate the Northwest quarter of Section 30 from a well and pivot located there. ECF 1. Plaintiffs argue that this right is derived from their private purchase of the land parcel – the complaint alleges that plaintiffs are "Assigns, bona fide purchasers" of the Property and "patent holders" of the "Miller Patent."

Defendants Harney County Tax and Assessment Department and Ted Tiller ("Harney County Defendants") move the Court for an order dismissing the case for lack of jurisdiction and for failure to state a claim upon which relief can be granted. ECF 16. The remaining defendants

("State Defendants") also move to dismiss for lack of jurisdiction and failure to state a claim. ECF 30. Plaintiffs have cross-filed a motion for summary judgment. ECF 42. For the reasons that follow, the Court grants the motions to dismiss of Harney County and State Defendants.

## BACKGROUND

### A. Ownership of the Northwest Quarter of Section 30

The Property was originally conveyed, or patented, to Ada L. Miller in 1907 by the United States under the Desert Lands Act of 1877, in certificate No. 299 ("Miller Patent"). ECF 1. Ex. A (Miller Patent) and 19 Stat. 377 (Desert Lands Act). At the time of the Miller Patent, Section 30 was divided into the East half and the West Half. The Miller Patent conveyed the West half comprising a total of 315.24 acres. The East half was conveyed to Charles Miller. ECF 14. Ex. 105. Ownership of Section 30 has changed since 1907 and the ownership has been reconfigured such that Section 30 is now divided into the North half and the South half. ECF 32. Harney County has designated the North half (which includes the Northwest quarter) as Tax Lot 1500 and the South half as Tax Lot 1600. Plaintiffs claim to be in possession of the Miller Patent. ECF 1.

The Property at issue in this case is the North half of the West half or the "Northwest quarter" of Section 30. Until recently, the subject Property has been held in fee title by Edward Chotard. ECF 14 Ex. 102 (Bargain and Sale Deed to Chotard); ECF 31. After this lawsuit was filed, Chotard conveyed Tax Lot 1500 to Duane W. Cummins and Anne M. Cummins by Warranty Deed. The deed to Chotard and the deed from Chotard to the Cummins's were recorded in the Harney County property records on September 18, 2018.

Also recorded on September 18, 2018 was a document referencing a June 2, 2018 purchase and sale agreement entered into by Chotard, plaintiff Schrock and the Cummins's involving the following described property:

PAGE 2 – ORDER

> Lots 1 and 2; East half of the Northeast quarter; Northeast quarter
> of Section 30, Township 23 South, Range 34 East of the
> Willamette Meridian, Harney County, Oregon.

ECF 32. This purchase and sale agreement apparently predates the warranty deed that conveyed the Property (the Northwest quarter) to the Cummins's. ECF 32. The June 2, 2018 purchase and sale agreement itself was not recorded.

The complaint alleges that plaintiffs are "assigns, bona fide purchasers" of land and "land patent holders," apparently referring to the Property and the Miller Patent. ECF 1. The complaint contains no allegations of fact showing how either plaintiff came to have an interest in the Property or why their interest is not reflected in county land records. Plaintiffs have attached several documents to their response to defendants' motions to dismiss, including two unrecorded purchase and sale agreements, one of which is appears to be a draft. ECF 42 Ex. 1. The first exhibit is entitled "Sale and Purchase Agreement" entered into by Chotard and plaintiff Schrock, selling Schrock the following described property:

> Lots 1 and 2, East half of the Northwest quarter, Northeast quarter,
> Section 30, Township 23 South, Range 34 East of the Willamette
> Meridian, Harney County, Oregon.

The agreement is signed by both Chotard and Schrock and is dated November 18, 2014. ECF 42. This Sale and Purchase Agreement was not recorded with the County. It is within this context that Schrock claims a right to irrigate "the Northwest quarter of Section 30," from a well and pivot located there. ECF 1.

**B. Plaintiffs' Claims**

Defendant J.R. Johnson is the state watermaster for Harney County. Plaintiffs allege that in November of 2015[3] Ms. Johnson directed plaintiff Schrock to shut off water to the pivot (a type of irrigation system) located at the Property. ECF 1. Plaintiff Schrock "complied." At some point thereafter, Schrock apparently resumed his water use. On June 6, 2018, Johnson "or one of

her agents under her orders" turned off the "West pivot . . . without consent." ECF 1. In order to do so, Ms. Johnson or her agent allegedly "crawl[ed] over the barbed-wire fence marking the border of the no trespass posted private property."

The complaint alleges that thereafter plaintiffs attended a private mediation requested by Harney County Commissioner Owens (not a party to this case) to discuss the matter. Defendant Johnson and defendant Lucas (Harney County District Attorney) were also present. Plaintiffs explained the basis for their belief that the State of Oregon lacked the authority to "regulate," that is, to require shut-off, of the West pivot. ECF 1. The complaint states that plaintiffs intend to resume using water upon the filing of this lawsuit. ECF 1. Plaintiffs seek a declaratory judgment that Defendants lack authority to "interfere" with Plaintiffs' alleged possessory interest in the Miller Patent by requiring them to comply with Oregon permitting requirements regarding water usage. ECF 1. Plaintiffs also seek injunctive relief.

## ANALYSIS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The U.S. Constitution confers limited authority on the federal courts to hear only active cases or controversies brought by persons who demonstrate standing. *See Spokeo*, 136 S. Ct. at 1546-47; *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547.

To have standing, a plaintiff must have "personal interest . . . at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The required personal interest must satisfy three elements throughout the litigation:

(1) an injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent; (2) a causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling. *Id.* at 180-81, 189; *see also Spokeo*, 136 S. Ct. at 1547 (reiterating that the "irreducible constitutional minimum" of standing consists of "an injury in fact . . . fairly traceable to the challenged conduct of the defendant, and . . . likely to be redressed by a favorable judicial decision").

An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). An injury is "concrete" if it is "'*de facto*'; that is it must actually exist," meaning that it is "'real' and not 'abstract.'" *Id.* "'Concrete' is not, however, necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, [the Supreme Court has] confirmed in many . . . previous cases that intangible injuries can nevertheless be concrete." *Id.* at 1549.

Plaintiffs have failed to establish injury in fact. The bare minimum that plaintiffs must prove is a legally protected interest in water use on the subject Property. In the complaint, both plaintiffs allege they are "in possession, as Grantee/Assigns" of the Miller Patent. ECF 1. However, to the extent these allegations could imply ownership of the Property as opposed to possession of the patent, they are contradicted by land records showing that neither plaintiff owns the Property. Under Oregon law, recording deeds and other conveyances is an important step in protecting ownership in land which generally requires written documents and other formal requirements. *See, e.g.* Or. Rev. Stat. § 93.640 (unrecorded conveyance, deed, land sale contract, or certain assignments affecting title to real property void against any subsequent

purchaser in good faith and for value who records interest); Or. Rev. Stat. § 93.020 (conveyances of real property must generally be in writing).

Plaintiffs also seem to assert that "possession" of the Miller Patent, independent of property ownership, creates a legally protected interest in water use on the subject Property. Even assuming that this assertion is enough to allege an injury in fact conferring standing, binding Supreme Court and Ninth Circuit precedent make clear that this specific claim does not confer subject matter jurisdiction. *See California Power Co. v. Cement Co.*, 295 U.S. 142, 162-65 (1935) (State water law applies to lands conveyed into private ownership via Desert Lands Act patents from the United States); *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (holding that "federal land patents do not confer federal question jurisdiction"). Thus, the existence of a federal land patent in the chain of title fails to create a federal question in this dispute over state water use regulation authority.

Plaintiffs also assert for the first time in their response that the Court can hear this case under its diversity jurisdiction. *See* 28 U.S.C. § 1332 (civil actions where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."). Plaintiffs argue that diversity is satisfied because Ms. Embry, "is not an Oregon citizen; and, has no known contracts with the State of Oregon [and] has no intention to become a citizen of Oregon." ECF 42 at 15. This argument is insufficient because, assuming that plaintiffs had pleaded the amount in controversy (which they did not), complete diversity is required. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) (diversity is satisfied "only if there is no plaintiff and no defendant who are citizens of the same State"). There is no dispute that plaintiff Schrock is a citizen of Oregon, thus, diversity of citizenship is not complete.

## CONCLUSION

Plaintiffs' motion for expedited scheduling (ECF 5) and Defendants' motion for extension of time (ECF 10) are DENIED as moot. Defendants' motions to dismiss and supplemental motion to dismiss (ECF 16, 30, and 41) are GRANTED, Plaintiffs' motion for summary judgment (ECF 42) is DENIED and this case is DISMISSED.

**IT IS SO ORDERED.**

DATED this 12th day of December, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge